Filed 3/19/25  P. v. Gutierrez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MIGUEL ANGELO GUTIERREZ, <br><br> Defendant and Appellant. | D083521 <br><br><br> (Super. Ct. No. SCE418656) |

APPEAL from a judgment of the Superior Court of San Diego County, Herbert J. Exarhos, Judge.  Affirmed.

Jared G. Coleman, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

In 2023, a jury convicted Miguel Angelo Gutierrez of one count of possession of child pornography as a repeat offender.  The jury hung on one felony charge alleging Gutierrez had failed to register as a sex offender.

1

During trial, Gutierrez stipulated to a prior strike allegation under the Three Strikes law. (Pen. Code,[1] §§ 667, subds. (b)–(i), 1170.12.) Based on a plea agreement disposing of the remaining count, the trial court dismissed the felony failure to register, and Gutierrez pled guilty to one count of failure to register as a sex offender in violation of section 290.018, subdivision (g), a misdemeanor. Gutierrez also moved to dismiss his strike under section 1385, but the court refused to do so and sentenced Gutierrez to eight years in state prison.

On appeal, Gutierrez contends that the trial court erred in failing to dismiss the strike. We conclude that the court's ruling was not an abuse of discretion. Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Beginning in 2004, Gutierrez was required to register as a sex offender under section 290 due to a 2002 conviction for lewd acts on a child under age 14 (§ 288a, subd. (a)). Under section 290, Gutierrez was obligated to register his address in the California sex-offender registry.

In June 2023, Gutierrez registered as a transient with the El Cajon Police Department. In July 2023, an officer of the El Cajon Police Department conducted a compliance check on Gutierrez's residence based on information Gutierrez may be living with a friend in an apartment. The officer believed Gutierrez was not telling the truth about his residence. Due to Gutierrez's failure to disclose the apartment's address, the officer arrested Gutierrez for violating his sex offender registration requirement. In a search incident to arrest, a phone was located in Gutierrez's left pocket. A search warrant was executed for the phone and sexually suggestive images of minors were found in the phone's trash folder.

---

[1] Further undesignated statutory references are to the Penal Code.

2

In an amended complaint filed against Gutierrez in 2023, the district attorney charged Gutierrez with failure to register as a sex offender (count 1; § 290.018, subd. (b)) and possession of child pornography (count 2; § 311.11, subd. (a)).  Count 2 had an attached allegation for a previous conviction of possession of child pornography in violation of section 311.11, subdivision (b).  The complaint further alleged that at the time of the offense, Gutierrez had one prior strike under sections 667, subdivision (b)-(i), 1170.12, and 688.

At trial, a jury found Gutierrez guilty on count 2 and found true the allegation regarding Gutierrez's prior conviction.  The jury hung on count 1 and the court declared a mistrial on this count.

Before sentencing, Gutierrez filed a *Romero*[2] motion, asking the court to strike his prior strike conviction.  In support of the motion, defense counsel noted the remoteness of the strike, the lack of sophistication in carrying out the current offense, Gutierrez's remorse for his actions, that Gutierrez was 53 years old, and that Gutierrez had not committed any subsequent strike or crime of violence since the 2002 conviction.  In opposition, the People argued that Gutierrez did not fall outside the spirit of the Three Strikes law because he continued to engage in criminal behavior, specifically a pattern of behavior that victimized children.  The People noted Gutierrez had previously been convicted of possession of child pornography, violated his probation multiple times, failed to recognize responsibility for his actions, and did not understand the gravity of his actions because he told probation he had sexually suggestive photos of children in his phone "out of habit."

At sentencing, the parties reached a plea deal as to the remaining count on which the jury had hung.  The prosecution dismissed count one and

---

[2]     (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).)

3

Gutierrez pled guilty to a misdemeanor under section 290.018, subdivision (g), count 3.  Count 3 was added to the information by interlineation.

The trial court declined to exercise its discretion to dismiss Gutierrez's strike.  The court sentenced Gutierrez to the middle term of four years doubled by the strike to eight years.  The court imposed a concurrent sentence of 332 days for count 3.

## DISCUSSION

Gutierrez contends the trial court abused its discretion in denying the *Romero* motion because he falls outside of the spirit of the Three Strikes law. We disagree.

Under section 1385, a court on its own motion, "or upon the application of the prosecuting attorney, and in furtherance of justice," may dismiss a strike allegation.  (*Romero, supra*, 13 Cal.4th at p. 504.)  This discretion is subject to strict compliance with the provisions of section 1385 and to review for abuse of discretion.  (*Ibid.*)  "Discretion is the power to make the decision, one way or the other."  (*People v. Myers* (1999) 69 Cal.App.4th 305, 309 (*Myers*).)  Our Supreme Court has held that a court's decision to strike a qualifying prior conviction is discretionary.  (See *Romero*, at p. 530.)  A court's decision *not* to strike a prior thus necessarily requires some exercise of discretion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).)

The trial court's power, while broad, is not absolute, and it is limited to the amorphous concept that requires the dismissal to be "in furtherance of justice."  (*Romero, supra*, 13 Cal.4th at p. 530.)  While there is no statutory definition for this concept, " 'in furtherance of justice' requires consideration both of the constitutional rights of the defendant, and the interests of society represented by the People."  (*People v. Williams* (1998) 17 Cal.4th 148, 159, italics omitted.)  The court's discretion to strike a prior conviction should only

4

be used in extraordinary circumstance where the ends of justice demand it. (*People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1105.) In determining whether such a circumstance exists, a court must consider a defendant's present felonies and prior strike convictions, as well as their background, character, and prospects. (*People v. Vasquez* (2021) 72 Cal.App.5th 374, 381 (*Vasquez*).)

The reasons for the dismissal must also be ones that would motivate a reasonable judge. (*Vasquez, supra*, 72 Cal.App.5th at p. 381.) The court would abuse its discretion if it dismissed a case or struck a sentencing allegation solely to accommodate judicial convenience or due to court congestion. (*People v. Ramirez* (2022) 13 Cal.5th 997, 1206.) An abuse of discretion also occurs where the trial court was not "aware of its discretion" to dismiss or where the court considered impermissible factors in declining to dismiss. (*Carmony, supra*, 33 Cal.4th at p. 378.) Where the record reflects the court balanced all relevant facts and reached an impartial decision in conformity with the spirit of the law, "we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance." (*Ibid*.) A trial court, therefore, does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it. (*Id*. at p. 377.)

Here, we do not find any unreasonable or arbitrary decision on the trial court's part. The court had knowledge of its discretion to strike the prior conviction and reasonably decided not to exercise this power.

Gutierrez's *Romero* motion set forth several mitigating factors for the court to take into consideration regarding his current and previous criminal history: (1) the strike was based on a conviction that was more than five years old; (2) there was a lack of sophistication in carrying out the current

5

offense; (3) the crime did not involve the taking of great monetary value; (4) Gutierrez had not engaged in any violent conduct which indicated a danger to society; (5) Gutierrez's convictions were not increasing in seriousness; and (6) the punishment under the Three Strikes law was disproportionate to the severity of the current offense.

At sentencing, defense counsel highlighted again the remoteness of the strike, the lack of sophistication in carrying out the current offense, Gutierrez's remorse for his actions, his age, and the fact that Gutierrez had not committed any subsequent strike or crime of violence since the 2002 conviction.

In response to Gutierrez's *Romero* motion, the People highlighted *People v. Humphrey* (1997) 58 Cal.App.4th 809, which held that in determining whether a prior conviction is remote, the trial court should consider whether there has been a "washing out" period. In criminal law, " 'washing out' carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*Id.* at p. 813.) Analogous to *Humphrey*, the People argued Gutierrez had not led a crime-free life given his continuous criminal conduct since his first strike prior in 2002.

We agree with the People. Gutierrez has a criminal history dating back to 1995. In addition to the 2002 strike prior, Gutierrez's record included: state prison terms for parole violations in 2004, 2006, and 2009; convictions for failing to register as a sex offender in violation of section 290.018, subdivision (g) in 2014 and 2016; a 2016 conviction for possession of child pornography in violation of section 311.11, subdivision (a); two felony convictions in 2020; drug-related offenses in 2000 and 2013; and multiple probation revocations after his 2013 drug offense. While not all of Gutierrez's

6

convictions were increasing in seriousness, "*Williams* and its progeny do not hold that a defendant's criminal career must consist entirely or principally of violent or serious felonies to bring a defendant within the spirit of the Three Strikes law." (*People v. Strong* (2001) 87 Cal.App.4th 328, 340.) In this case, Gutierrez's convictions were numerous. The record reflects Gutierrez has not been deterred by prior periods of incarceration or release on supervision. The court explicitly stated that it considered these factors as well as those raised by Gutierrez in his motion. While it was permissible for the court to take into consideration factors such as Gutierrez's age of 53, middle age alone does not take a defendant outside the spirit of the law. (*Id.* at p. 332.) On the record before us, therefore, we cannot find that the trial court's denial of Gutierrez's *Romero* motion was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra*, 33 Cal.4th at p. 377.)

Gutierrez contends his case is analogous to *People v. Avila* (2020) 57 Cal.App.5th 1134 (*Avila*). In *Avila*, the court concluded the trial court abused its discretion in denying the defendant's *Romero* motion. (*Id.* at p. 1145.) But the circumstances of *Avila* are nothing like this case. In *Avila*, the defendant committed his prior strikes 28 and 26 years before the charged offense—when he was still under the age of 21—yet the trial court mistakenly believed it could not consider either the remoteness of the priors or the defendant's youth when he committed them as mitigating factors. (*Id.* at pp. 1141–1142.) The defendant in *Avila* had struggled with drug addiction since childhood and had made efforts to become sober and maintain gainful employment, but the trial court did not reach any conclusion whether his drug addiction was a mitigating or aggravating factor. (*Id.* at pp. 1143–1144.) Although the defendant had suffered two parole violations in connection with one of the strike priors, these had also occurred 20 years or

more before the charged offense. (*Id.* at p. 1141, fn. 8.) Moreover, the trial court miscategorized the charged offense as a violent offense. (*Id.* at pp. 1142–1143.)

None of these circumstances is present here. Gutierrez was in his 30s when he committed his 2002 strike offense, and he continued to engage in criminal conduct between then and the current offense, including conduct that endangered children. He also committed multiple parole and probation violations throughout this period of time. Unlike the trial court in *Avila*, the court here understood that the remoteness of the strike was a potentially relevant factor. In these circumstances, it was not an abuse of discretion for the trial court to determine that Gutierrez fell within the spirit of the Three Strikes law.

Gutierrez also asserts that in the decades since *Romero* and *Williams*, the Legislature and electorate have determined that longer sentences do not serve the interests of justice and have enacted laws reducing and limiting the effect and spirit of the Three Strikes law. Gutierrez cites the recently enacted section 17.2 as support for his argument that courts are required to impose the least restrictive punishment available when exercising their discretion. While it is true that "[i]t is the intent of the Legislature that the disposition of any criminal case use the least restrictive means available" (§ 17.2), this does not compel courts to impose the lowest term when sentencing a defendant. (*Cf. People v. Braden* (2023) 14 Cal.5th 791, 818 ["Notably, while section 17.2 states a preference for the least restrictive criminal disposition, the Legislature's use of the words 'available' and 'according to relevant statutes and the sentencing rules of the Judicial Council' indicate that the Legislature did not intend to alter existing statutory requirements . . . ."].)

8

At sentencing, the court here noted that it was aware of its discretion both to strike the prior strike and to impose the upper term.  Consistent with section 17.2, the court fully considered and rejected Gutierrez's request to strike his prior strike, but also declined to impose the upper term.  The court could have imposed an upper term of six years and doubled it to 12 years under the Three Strikes law, but instead it imposed the middle term of four years and doubled it to eight years.  Thus, the court chose a reasoned middle path, resulting in an eight-year term that was only two years more than the non-doubled upper term for the underlying crime.

Because "the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law" (*Myers, supra*, 69 Cal.App.4th at p. 310), we find no abuse of discretion.

DISPOSITION

The judgment is affirmed.

BUCHANAN, J.

WE CONCUR:


DO, Acting P. J.


KELETY, J.

9